United States District Court
Southern District of Texas
ENTERED
August 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIVERSAL PLANT SERVICES, INC., INC., NOW KNOWN AS UNIVERSAL PLANT SERVICES, LLC, and JONES INDUSTRIAL HOLDINGS, INC., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-22-2364 |
| DAVID MEIER; MARCUS KEENAN; JEFF WESTER; GREG ADAMS; ERIC MONROE; MELINDA BARRY; PRECISION MACHINERY CONTRACTORS, LLC; CARL ALAN SWINDOLL; KELLY LYNN CLARK; ALS ASSOCIATES, INC.; PRECISION INVESTMENT GROUP, LLC; TIGER MANAGEMENT GROUP, LLC; and TURNAROUND SERVICES, LLC, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiffs' Motion for Leave to File Fourth Amended Complaint ("Plaintiffs' Motion to Amend") (Docket Entry No. 322). Also pending are Defendants' Response to Plaintiffs' Motion for Leave to File Fourth Amended Complaint ("Defendants' Response") (Docket Entry No. 326), and Plaintiffs' Reply in Support of Motion for Leave to File Fourth Amended Complaint ("Plaintiffs' Reply") (Docket Entry No. 327). For the reasons explained below, Plaintiffs' Motion to Amend will be denied.

## I. Factual and Procedural Background

Plaintiffs, Universal Plant Services, Inc. ("UPS"), now known as Universal Plant Services, LLC, and its former parent company, Jones Industrial Holdings, Inc. ("Jones")(together, "Plaintiffs"), allege that Defendants, Alan Swindoll, Kelly Clark, ALS Associates, Inc. ("ALS"), Turnaround Services, LLC ("Turnaround"), Tiger Management Group, LLC ("Tiger") Precision Machinery Contractors, LLC ("PMC"), Precision Investment Group, LLC ("Precision"), and former UPS employees Greg Adams, Melinda Barry, Marcus Keenan, David Meier, Eric Monroe, and Jeff Wester, conspired to misappropriate Plaintiffs' confidential information, trade secrets, and property to form and operate PMC, a direct competitor offering similar services to the same customers in the same markets.

This action was initiated on July 15, 2022, against PMC and former UPS employees Adams, Barry, Keenan, Meier, Monroe, and Wester for their involvement in the creation of PMC and misappropriation of confidential information and trade secrets (Docket Entry No. 1). On November 3, 2023, the court entered a Memorandum Opinion and Order (Docket Entry No. 179) granting Plaintiffs' Motion for Leave to File Third Amended Complaint and adding six defendants: Clark, Swindoll, ALS, Precision, Tiger, and Turnaround. Plaintiff's Third Amended Complaint (Docket Entry No. 180) asserted violations of the federal Defend Trade Secrets Act ("DTSA"), the Texas Uniform Trade Secrets Act ("TUTSA"), and the Texas Theft Liability Act, as well as common law claims under Texas law for breach of contract, breach of fiduciary duty, knowing

participation in breach of fiduciary duty, tortious interference with a contract, conversion, and civil conspiracy.

On February 2, 2026, Defendants submitted their Memorandum of Law for Jury Trial arguing, inter alia, that "TUTSA preempts most of [Plaintiffs'] common-law tort theories."[1] At Docket Call held on February 11, 2026, the court ordered the parties to submit additional briefing on the TUTSA preemption issue.[2] Thereafter, Plaintiffs agreed to dismiss claims premised on misappropriation of trade secrets,[3] but argued that other tort claims were not preempted.[4] Pursuant to the parties' stipulations,[5] the court dismissed (1) claims for breach of fiduciary duty premised on misappropriation of trade secrets asserted against Adams, Barry, Keenan, Meier, Monroe, and Wester; (2) claims for conversion asserted against Adams, Barry, Keenan, Meier, Monroe, Wester, and PMC; and (3) claims for civil conspiracy asserted against Adams, Barry, Keenan, Meier, Monroe, Wester, and PMC.[6]

---

[1]Defendants' Memorandum of Law for Jury Trial, Docket Entry No. 301, p. 16. Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Hearing Minutes and Order, Docket Entry No. 304, p. 2.

[3]See Plaintiffs' Federal Rule of Civil Procedure 41(a)(2) Motion of Voluntary Dismissal of Certain Caims Without Prejudice, Docket Entry No. 311.

[4]Plaintiffs' Response to Preemption Arguments, Docket Entry No. 310, p. 7.

[5]See Joint Rule 41(a)(1)(A)(ii) Stipulation of Partial Dismissal of Claims (Docket Entry No. 312).

[6]Partial Order of Dismissal of Certain Claims, Docket Entry (continued...)

On May 27, 2026, the court entered a Memorandum Opinion and Order (Docket Entry No.318), dismissing the following claims as preempted by TUTSA: (1) claims for breach of fiduciary duty premised on misappropriation of confidential information asserted against Adams, Barry, Keenan, Meier, Monroe, and Wester; (2) claims for knowing breach of fiduciary duty based on disclosure of confidential information asserted against ALS, Precision, PMC, and Tiger; (3) claims for tortious interference with contract asserted against ALS, Precision, PMC, and Tiger; and (4) claims for civil conspiracy asserted against Clark, Swindoll, ALS, Precision, Tiger, and Turnaround.[7]

In light of the court's May 27, 2026, Memorandum Opinion and Order dismissing the civil conspiracy claims asserted against defendants Clark, Swindoll, and Turnaround as preempted by TUTSA, Plaintiffs seek leave to file a fourth amended complaint to add a claim for knowing breach of fiduciary duty arising from diversion of customers against each of these three defendants and to remove the claim for permanent injunctive relief. Citing Trinseo Europe GmbH v. Kellogg Brown & Root, L.L.C., 165 F.4th 399 (5th Cir. 2026), pet. for cert. filed June 11, 2026, for holding that TUTSA preempts state-law claims — including state law claims for

[6](...continued)
No. 314.

[7]Memorandum Opinion and Order, Docket Entry No. 318.

misappropriation of confidential information — that rely on the same facts as trade-secret misappropriation claims, Plaintiffs argue that this development has rendered certain previously pleaded claims untenable and has made amendment necessary to preserve their ability to pursue viable, non-preempted claims based on the same underlying conduct.

## II. Standard of Review

If a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 15(a) provides the standard for requests to amend that are filed before the scheduling order's deadline has expired, and Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend that are filed after the scheduling order's deadline has expired. Marathon Financial Insurance, Inc., v. Ford Motor Co., 591 F.3d 458, 470 (5th Cir. 2009).

Rule 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A decision to grant leave is within the discretion of the court, although if the court 'lacks a "substantial reason" to deny leave, its discretion "is not broad enough to permit denial."'" State of Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995) (per curiam) (citations omitted). Rule 15(a) provides "a strong presumption in favor of granting leave to amend." Financial

Acquisition Partners LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 270 (5th Cir. 2010) (citing Foman v. Davis, 83 S.Ct. 227, 230 (1962)).

"Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" Marathon, 591 F.3d at 470 (quoting Fed. R. Civ. P. 16(b)(4)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003)(quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). To determine whether the moving party has established good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Marathon, 591 F.3d at 470. If a movant establishes good cause to extend the scheduling order, courts analyze the motion to amend under Rule 15(a). S&W Enterprises, 315 F.3d at 536. Because a

scheduling order was entered in this case on September 6, 2022, (see Docket Control Order, Docket Entry No. 67), Rule 16(b)'s standard applies, and the Plaintiffs must show good cause to amend. The Docket Control Order required amended pleadings to be filed by September 12, 2022. Plaintiffs' Amended Original Complaint was filed on that date (Docket Entry No. 74). Although subsequently issued scheduling orders did not include dates for filing amended pleadings, at a hearing held on October 26, 2022, the court granted Plaintiffs leave to amend their pleadings (see Minute Entry, Docket Entry No. 101), and on November 2, 2022, Plaintiffs filed their Second Amended Complaint (Docket Entry No. 106). On August 4, 2023, Plaintiffs filed a Motion for Leave to File Third Amended Complaint (Docket Entry No. 162), which the court granted on November 3, 2023 (see Memorandum and Order, Docket Entry No. 179). The live complaint is thus Plaintiffs' Third Amended Complaint (Docket Entry No. 180) filed on November 3, 2023.

## III. Plaintiffs Fail to Show Good Cause to Amend

The pending motion to amend was filed on June 26, 2026. Plaintiffs seek leave to

> (1) conform[] the pleadings to this Court's orders dismissing portions of certain claims under Trinseo (Docket Entry Nos. 314, 318);
>
> (2) withdraw[] the request for a permanent injunction to streamline the case for mediation and trial;

> (3) incorporate[] the spoliation facts that are addressed in Judge Bray's Memorandum and Recommendation (Docket Entry No. 284) and adopted by the Court (Docket Entry No. 289); and
>
> (4) add[] Clark, Swindoll, and Turnaround to the existing knowing participation claim based entirely on facts already developed in discovery and addressed in the Court's spoliation findings.[8]

Plaintiffs argue that good cause exists to grant their motion because the Fifth Circuit's Trinseo opinion changed controlling law, Defendants spoliation and discovery misconduct prolonged the litigation, the proposed amendments are minimal and cause no prejudice, and strong facts support adding the knowing participation claim against Clark, Swindoll, and Turnaround.[9]

Defendants do not oppose the first two proposed amendments, but oppose the third proposed amendment to incorporate spoliation facts as unnecessary, and oppose the fourth proposed amendment as lacking good cause.[10] Focusing on the attempt to add new claims against Clark, Swindoll, and Turnaround, Defendants argue that

> [t]here is no good cause for Plaintiff[s] . . . to expand [their] claim for knowing participation in breach of fiduciary duty to three Defendants — Clark, Swindoll, and Turnaround — that it previously sued only for conspiracy. The facts have not changed since the discovery period expired over 20 months ago. The only thing that has changed is the dismissal of the conspiracy claim. That is not good cause, and allowing the amendment would unduly prejudice the Defendants.[11]

---

[8]Plaintiffs' Motion to Amend, Docket Entry No. 322, p. 2. See also Plaintiffs' Reply, Docket Entry No. 327, p. 2.

[9]Plaintiffs' Motion to Amend, Docket Entry No. 322, pp. 4-9.

[10]Defendants' Response, Docket Entry No. 326, p. 2.

[11]Id. at 1.

## A. Plaintiffs Have No Reasonable Explanation for Delay

Asserting that Defendants' spoliation and discovery misconduct "extended this litigation long enough for Tinseo to be decided,"[12] Plaintiffs argue that "[i]t would be fundamentally inequitable to allow defendants to benefit from their own wrongful conduct by preventing [them] from pursuing relief against Clark, Swindoll, and Turnaround under current law."[13] Defendants respond that there is no reasonable explanation for Plaintiffs' delay in seeking to amend because Plaintiffs' "own pleading shows that [they were] aware of the alleged factual basis for the knowing participation claim against Clark, Swindoll, and Turnaround years ago."[14] Defendants argue — and the court agrees — that Plaintiffs

> chose to assert [their knowing participation] claim against ALS and Tiger Management — based on actions Clark and Swindoll allegedly took on behalf of those entities — but not to assert it against Clark and Swindoll themselves, or against Turnaround, another company affiliated with Clark and Swindoll. Instead, [Plaintiffs] chose to plead only one cause of action [for civil conspiracy] against Clark, Swindoll, and Turnaround.[15]

Plaintiffs reply that Defendants' own obstruction — not their delay — shaped the discovery record, and that the Trinseo opinion changed Texas law on TUTSA preemption.[16]

---

[12]Plaintiffs' Motion to Amend, Docket Entry No. 322, p. 6.

[13]Id.

[14]Defendants' Response, Docket Entry No. 326, p. 2.

[15]Id. at 2-3.

[16]Plaintiffs' Reply, Docket Entry No. 327, pp. 5-7.

Plaintiffs' contention that Defendants' obstruction supports their assertion of good cause to file a Fourth Amended Complaint is belied not only by the fact that they made the same argument in support of their motion to file a Third Amended Complaint,[17] but also by the facts alleged in that complaint.[18] Plaintiffs fail to identify any new facts, i.e., facts that they did not know when they filed their Third Amended Complaint, necessary to support the knowing participation in breach of fiduciary duty claims that they now seek to assert against Clark, Swindoll, and Turnaround in a Fourth Amended Complaint. The facts giving rise to the claims that Plaintiffs seek to assert against Clark, Swindoll, and Turnaround are admittedly identical to those giving rise to the same claims asserted against ALS, Precision, and Tiger in their Third Amended Complaint.[19] Plaintiffs therefore had the opportunity to assert the

---

[17]See Motion for Leave to File Third Amended Complaint, Docket Entry No. 162, pp. 2-5 (arguing that Defendants withheld evidence about inter alia Clark, Swindoll, and Turnaround).

[18]See Judge Bray's Memorandum and Order granting Plaintiffs' Motion for Leave to File Third Amended Complaint, Docket Entry No. 179, pp. 2-5 (reciting facts that included acts allegedly committed by Clark and Swindoll), and 12-13 (analyzing proposed claims for knowing participation in breach of fiduciary duty that Plaintiffs sought to assert against ALS, Precision, and Tiger in a Third Amended Complaint based on alleged actions of Clark and Swindoll). Compare facts related to Clark, Swindoll, and Turnaround recited in Plaintiffs' Motion to Amend, Docket Entry No. 322, pp. 7-8, with facts alleged in Plaintiffs' Third Amended Complaint, Docket Entry No. 180, pp. 10-13 ¶¶ 29-43.

[19]See Plaintiffs' Motion to Amend, Docket Entry No. 322, p. 5 (asserting that the proposed claims "advanc[e] alternative legal
(continued...)

proposed claims the last time they amended their pleadings in November of 2023. "Courts within this Circuit, under similar circumstances, have held that if a Plaintiff was previously aware of the factual underpinnings of the claim she seeks to assert beyond the time allowed by a scheduling order, leave to amend is improper." Ruiz v. University of Texas M.D. Anderson Cancer Center, 291 F.R.D. 170, 172 (S.D. Tex. 2013). Because Plaintiffs fail to cite any newly discovered facts needed to support their proposed new claims against Clark, Swindoll, and Turnaround, the court is not persuaded that Defendants' spoliation or obstruction provides a reasonable explanation for their delay in seeking to amend their pleadings to add the proposed claims against Clark, Swindoll, and Turnaround. See Southwestern Bell Telephone Co. v. City of El Paso, 346 F.3d 541, 547 (5th Cir. 2003) (denying leave to amend where "[movant] was aware of the contract that forms the basis of its proposed amendment months in advance of the deadline and does not offer a satisfactory explanation for its delay in seeking leave to amend").

---

[19](...continued)
theories based on the same underlying facts already developed through discovery"). See also Plaintiffs' Reply, Docket Entry No. 327, p. 6 (acknowledging that the claims they seek to add are not based on new facts, that "Clark, Swindoll, and Turnaround have been central to [Plaintiffs'] allegations since the Third Amended Complaint," that "[w]hat changed was not the factual basis for their alleged liability, but the legal mechanism through which that liability may be imposed," and that "[i]t is the same claim type, extended to the individuals who directed that conduct, after the legal vehicle for reaching them was foreclosed by a change in law").

Citing Garcia v. Lion Mexico Consolidated, L.P., 5:15-CV-1116-DAE, 2016 WL 6157436, at *3 (W.D. Tex. October 21, 2016), and asserting that when they brought this suit there was no uniform or precedential standard for TUTSA preemption of Texas common law claims in any jurisdiction, Plaintiffs argue that the intervening change in controlling law made by the Fifth Circuit in Trinseo, 165 F.4th 399, constitutes good cause to grant their motion to amend.[20] Although Garcia held that an intervening change in the law can be reason to amend, Garcia does not support Plaintiffs' arguments because the amendments sought and allowed in that case were amendments to the facts alleged in support of existing claims — not the addition of new legal theories based on existing facts.

Moreover, Defendants argue — and the court agrees — that the Fifth Circuit's Trinseo opinion clarified but did not change Texas law on TUTSA preemption.[21] Citing inter alia Super Starr International LLC v. Fresh Tex Produce, LLC, 531 S.W.3d 829, 843 (Tex. App. — Corpus Christi-Edinburg 2017, no pet.), which was decided years before this action was filed, the Trinseo court observed that "Texas intermediary courts have consistently held that 'a common law claim is preempted by TUTSA when the gravamen of the claim duplicates a TUTSA claim.'" 165 F.4th at 421-22. The

[20]Plaintiffs' Motion to Amend, Docket Entry No. 322, pp. 4-6. See also Plaintiffs' Reply, Docket Entry No. 327, pp. 6-7.

[21]Defendants' Response, Docket Entry No. 326, p. 5.

court stated that "even where a claim is premised on 'confidential information' rather than trade secrets, that claim is preempted if 'as pleaded' by the plaintiffs, 'the confidential and proprietary information at issue . . . falls with TUTSA's definition of a trade secret.'" 165 F.4th at 422. Citing Trinseo this court held that the civil conspiracy claims asserted against Clark, Swindoll, and Turnaround were preempted because as pleaded they relied on the same facts as Plaintiff's trade-secret misappropriation claims.[22] See Trinseo, 165 F.4th at 422 ("TUTSA preempts claims that rely on the same facts as a trade-secret-misappropriation claim"). See also Coe v. DNOW LP, 718 S.W.3d 338, 353-55, 369-70 (Tex. App. — Houston [14th Dist.] 2025, pet. denied) (holding that a civil conspiracy theory of trade secret liability, as well as fiduciary duty claims premised on trade secret misappropriation, were preempted).

Because Plaintiffs fail to identify any facts that they did not know when they filed their Third Amended Complaint, and because the court is not persuaded that the Fifth Circuit's Trinseo opinion changed Texas law on TUTSA preemption, the court concludes that Plaintiffs have no reasonable explanation for their delay in seeking to add claims for knowing participation in breach of fiduciary duty against Clark, Swindoll, and Turnaround. This factor therefore weighs against granting Plaintiffs' motion.

---

[22]Memorandum Opinion and Order, Docket Entry No. 318, p. 20.

**B. The Proposed Amendments Are Important**

Plaintiffs do not expressly argue that their proposed amendments are important but argue that adding Clark, Swindoll, and Turnaround to "the knowing participation claim ensures that [they] can obtain complete relief against all individuals and entities responsible for the scheme without expanding the scope of trial or requiring any new discovery."[23] Defendants do not dispute the importance of these claims, therefore the court concludes that this factor weighs in favor of granting Plaintiffs' motion.

**C. The Potential Prejudice to the Defendants Cannot Be Cured By a Continuance**

Plaintiffs argue that defendants will not be prejudiced if their motion to amend is granted because "[t]he [a]mendment [i]s [m]inimal."[24] Plaintiffs argue that

> no additional discovery [is] required. Clark, Swindoll, and Turnaround have been defendants since November 2023. All evidence supporting the knowing participation allegations has been in defendants' possession since at least 2023. Defendants have had full notice of the underlying facts for years. There is no undue delay, bad faith, or dilatory motive on [Plaintiffs'] part — the motion is filed only one month after the Court's May 27, 2026, ruling.[25]

---

[23]Plaintiffs' Motion to Amend, Docket Entry No. 322, pp. 8-9. See also Plaintiffs' Reply, Docket Entry No. 327, p. 3.

[24]Plaintiffs' Motion to Amend, Docket Entry No. 322, p. 7.

[25]Id.

Defendants respond that granting Plaintiffs' Motion to Amend at this stage of the case would cause them undue prejudice.[26] Asserting that "[h]aving . . . defeated the one thin reed of a claim pled against them (conspiracy), [Clark, Swindoll, and Turnaround] . . . should not have to play 'whack-a-mole.'"[27] Defendants argue that if Plaintiffs had timely pled a "knowing participation" claim

> against Clark, Swindoll, and Turnaround, those Defendants probably would have moved to dismiss the claim. They would have sought discovery specifically targeting the claim, and they almost certainly would have filed a motion for summary judgment against it (as they did against the conspiracy claim). The problem is that it is now too late for them to do so, unless the Court delays the case even further. The discovery deadline passed long ago. The deadline for dispositive motions passed over 18 months ago. See Order extending motions deadline to December 12, 2024 (ECF No. 241). [Plaintiffs] should not be allowed to avoid summary judgment on a claim by waiting until after the dispositive motions deadline to assert it. This would cause clear undue prejudice to the affected Defendants.[28]

Plaintiffs reply that

> Defendants' prejudice argument reduces to timing: the dispositive motions deadline passed in December 2024, and defendants 'finally defeated' the conspiracy claim in May 2026. But timing that results from this Court's own rulings is not prejudice — it is the natural consequence of a case proceeding through dispositive motion practice and an intervening change in controlling law.[29]

---

[26]Defendants' Response, Docket Entry No. 326, p. 10.

[27]Id.

[28]Id.

[29]Plaintiffs' Reply, Docket Entry No. 327, p. 9.

Plaintiffs argue that "[a]ny incremental burden from contesting the same facts under a slightly altered legal theory is far outweighed by the strong federal policy favoring resolution of disputes on the merits."[30]

This action has been pending for more than four years. The original deadline for filing amended pleadings was September 12, 2022.[31] Plaintiff has filed an original and three amended complaints. Moreover, the discovery period ended on October 25, 2024,[32] the period for filing motions expired on December 12, 2024,[33] the first Joint Pre-Trial Order was filed on February 2, 2026,[34] an Amended Joint Pre-Trial Order was filed on July 10, 2026,[35] and the parties have been ordered to mediate before August 17, 2026.[36] Because Plaintiffs have no reasonable explanation for their delay in asserting the claims that they seek to add to a Fourth Amended complaint, the court is not persuaded that the time for filing pleadings should be reopened to accommodate their request.

---

[30]Id. at 10.

[31]See Docket Control Order, Docket Entry No. 67.

[32]See Joint Proposed Amended Scheduling Order signed by Judge Bray, Docket Entry No. 214.

[33]See Order, Docket Entry No. 241.

[34]See Docket Entry No. 299.

[35]See Docket Entry No. 325.

[36]See Order for Mediation and Appointment of Mediator, Docket Entry No. 319, p. 2.

Allowing the proposed amendments would not only require the court to abandon established deadlines, but would also likely delay the mediation and, if necessary, trial and thereby prejudice the defendants and the court.

Defendants argue — and the court agrees — that Plaintiffs' argument that their proposed amendments would not prejudice defendants is similar to the argument rejected in Petrobras America, Inc. v. Vicinay Cadenas, S.A., No. 4:12-cv-888, 2014 WL 12651168 (S.D. Tex. November 24, 2014).[37] In that case the plaintiffs pled tort claims that the district court held were barred by the economic loss doctrine. Id. at *1. When ten months after the deadline for amending pleadings, one of the plaintiffs sought leave to amend to add inter alia a new claim unsupported by new facts, and the only reason for amending was the court's dismissal of their tort claims, the court held that "[t]he time here has well passed for [plaintiff] to add a whole new theory that, in retrospect, plaintiff[] should have pleaded initially." Id. at 2. Quoting Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir. 1967), the court reasoned that "while liberality in amendment is a virtue, no court need permit 'the presentation of theories seriatim,' which undermines summary judgment's validity and burdens the court." Id.

[37]Defendants' Response, Docket Entry No. 326, p. 10.

Plaintiffs attempt to distinguish Petrobras by arguing that the plaintiff there lost on the merits at summary judgment and then tried to plead an entirely new legal theory to escape that defeat, while here the conspiracy claim originally asserted against Clark, Swindoll, and Turnaround was eliminated by a change in controlling preemption law that had nothing to do with the strength of the evidence against these defendants.[38] Since, however, Plaintiffs' Third Amended Complaint alleged claims for both conspiracy and knowing participating in breach of fiduciary duty against ALS, Precision, PMC, and Tiger, i.e., entities that Clark and Swindoll controlled, based on the actions of Clark and Swindoll, there is no reasonable explanation for Plaintiffs' failure to allege in their Third Amended Complaint the claims for knowing participation in breach of fiduciary duty against Clark, Swindoll, and Turnaround, that they now seek leave to add in a Fourth Amended Complaint.

## D. Conclusions

Plaintiffs' request to file a Fourth Amended Complaint to conform the pleadings to this court's orders dismissing portions of certain claims and adopting spoliation facts lacks good cause because the additions sought are matters of record that do not need to be included in an amended pleading.

---

[38]Plaintiffs' Reply, Docket Entry No. 327, p. 7.

Plaintiffs' request to withdraw their prayer for a permanent injunction is well taken but does not constitute good cause for filing a Fourth Amended Complaint because it can be granted absent an amended pleading.

Although the court is persuaded that the claims for knowing participation in breach of fiduciary duty that Plaintiffs seek to add against Clark, Swindoll, and Turnaround are important, because Plaintiffs have failed to present a reasonable explanation for their delay in adding those claims, and have failed to show either that adding those claims will not unduly prejudice the defendants or that a continuance would cure the prejudice to the defendants, the court concludes that Plaintiffs have failed to establish good cause as required by Rule 16(b)(4) to amend their pleadings to add these claims after the deadline for doing so established by the court's scheduling order has expired. See Fed. R. Civ. P. 16(b)(4).

## IV. Conclusions and Order

Plaintiffs' request to withdraw their prayer for a permanent injunction is **GRANTED.** But for the reasons stated in § III, above, Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Docket Entry No. 322) is **DENIED.**

**SIGNED** at Houston, Texas, this 13th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE